IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH FERNANDEZ** | § § § | **CIVIL ACTION NO. _____** |
| **VS.** | § § § | |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | § § § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("United Property" or "Defendant"), Defendant herein, removes to this Court the state court action pending in the County Court at Law No. 2 of Fort Bend County, Texas, invoking this Court's diversity jurisdiction, on the grounds explained below.

**I.   BACKGROUND**

1. On March 21, 2019, Plaintiff Joseph Fernandez ("Plaintiff") filed the present action in the County Court at Law No. 2 of Fort Bend County, Texas, bearing Cause No. 19-CCV-064568 (the "State Court Action") against United Property. *See* State Court Action Petition, attached hereto as **Exhibit 2**.

2. United Property was served/received notice of this lawsuit on April 24, 2019. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after service of the Petition on United Property, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and United Property, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.   Complete diversity exists between Plaintiff and United Property.**

4. Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5. Plaintiff is a citizen of Texas. In his Petition, Plaintiff alleges that he is an individual who resides in Texas, owns property in Sugar Land, Texas, and owns the policy of insurance issued by Defendant to cover that property.[1]

6. United Property is not a citizen of the State of Texas. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business is in Florida.

7. Thus, there is complete diversity of citizenship between Plaintiff and United Property.

**B.   Amount in Controversy Exceeds $75,000.**

8. Plaintiff's Original Petition states that Plaintiff seeks "monetary relief less than $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees."[2] Plaintiff goes on to state that "specifically," he seeks "damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*."[3] (Emphasis added). Further, although it is not mentioned or referred to anywhere within the body of

---

[1] *See* Plaintiff's Original Petition, at ¶¶ 1, 4, 9, and 10.
[2] *Id*. at ¶ 6.
[3] *Id*.

Plaintiff's Petition, there is a document marked "Exhibit E" attached to the Petition following 15 pages and four other exhibits (the "Document").[4] The Document characterizes itself as a stipulation and states that the "total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interests and costs."[5] The Document goes on to state that the "total damages sought by Plaintiff…does not exceed $75,000.00 exclusive of interests and costs," "neither Plaintiff nor his/her attorney will accept an amount that exceeds $75,000.00 exclusive of interests in costs," nor will he "amend his/her petition after one year to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs," nor will he "authorize anyone on his/her behalf or his/her future heirs and/or assigns, to make such an amendment."[6] The final paragraph of the Document states that "Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interests and costs."[7] The Document does not state that the recovery of attorneys' fees are included in the $75,000.00 to which Plaintiff's counsel is attempting to limit his client's recovery.[8] The Document is not signed by Plaintiff, but rather only by his counsel of record, Eric Dick.[9]

9.   As an initial matter, the Petition itself states two different maximum amounts of damages. In *Section V. Jurisdiction*, the Petition states that the amount in controversy is "less than $100,000 or less", but also that Plaintiff seeks "damages less than $75,000.00 and will not accept any more than $75,000.00 *at this time*"[10] (emphasis added). However, Texas law does not

---

[4] *See* Plaintiff's Petition, at Exhibit E.
[5] *Id.* at ¶ 1.
[6] *Id.* at ¶¶ 2-4.
[7] *Id.* at ¶ 5.
[8] *Id.*
[9] *Id.*
[10] Plaintiff's Petition, at ¶ 6.

permit a plaintiff to plead a specific amount of damages.[11] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the Rule does not permit a plaintiff to plead that plaintiff's damages are less than $75,000.00 or that plaintiff's damages do not exceed $75,000.00 at this time.[12] Here, Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure. A bare assertion in a pleading that damages are less than $75,000, "at this time," without more, is not binding on Plaintiff and does not determine the amount in controversy for purposes of federal jurisdiction, especially when that assertion is preceded by a confusing statement that the amount in controversy is "less than $100,000 or less."[13] The amount in controversy inquiry "does not end merely because the plaintiff alleges below the threshold.[14] The face of the plaintiff's pleading will not control if made in bad faith."[15] In addition to the good faith requirement, § 1446 "also provides that the demand in the pleading will not control if the state practice does not permit demand for a specific sum."[16]

10.     Here, Plaintiff's amount in controversy allegations are not the only claims made in bad faith. Paragraph 10 of Plaintiff's Petition states, "Plaintiff owns the insured property."[17]

---

[11] TEX. R. CIV. P. 47(b)-(c).
[12] *See* Plaintiff's Original Petition, attached hereto in **Exhibit 2**, at ¶ 6; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000); *Manesh v. Nationwide General Insurance Company*, No. 5:17-CV-1213-DAE, 2018 WL 1887291, at *2 (W.D. Tex. Mar. 2, 2018) (Ezra, D.) (finding that the language in plaintiffs state court petition "damages are less than $75,000, exclusive of interest and costs," did not control because it violated TRCP 47 and constituted bad faith).
[13] *Ford v. United Parcel Service (Ohio)*, 2014 WL 41059565 at *4; *Manesh v. Nationwide General Insurance Company*, 2018 WL 1887291 at *2.
[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).
[15] *De Aguilar*, 47 F.3d at 1410; *see also* 28 U.S.C. § 1446(c)(2).
[16] *Noyola v. State Farm Lloyds*, No. 7:13-cv-00146, 2013 WL 3353963, at *1, (S.D. Tex. July 3, 2013) (Alvarez, M.); 28 U.S.C. § 1446(c)(2)(A)(ii).
[17] *See* Plaintiff's Petition, at ¶ 10.

The insured property is located at 16807 Rustic Colony Drive, Sugar Land, Texas 77479.[18] A quick search of the Fort Bend County Appraisal District website revealed that Plaintiff sold this property by deed dated February 28, 2018, over one year before this lawsuit was filed on March 21, 2019. (*See* **Exhibit 4**—Fort Bend County Appraisal District Property Search Results).

11. "Where diversity of citizenship exists, the amount in controversy requirement is met if (1) it 'is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence'' of facts in controversy that support a finding of the requisite amount."[19] Thus, where the amount in controversy is not facially apparent in the petition, courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages and the available policy limits under an applicable insurance policy.[20] Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction.[21]

12. While Plaintiff contends all damages do not exceed $75,000.00, it is also alleged that Defendant is liable under a residential insurance policy (the "Policy") because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.[22] Specifically, but without limitation, Plaintiff alleges that Defendant breached Policy number 43 1001380714 00, which had a Dwelling Limit of $209,000, an Other Structures Limit of $20,900,

---

[18] *See* Plaintiff's Petition, at ¶ 1.
[19] *Real T LLC v. State Farm Fire and Cas. Co.*, No. 07-8754, at *1 (E.D. La. Nov. 18, 2008) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990)).
[20] *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.); *Noyola,* 2013 WL 3353963, at *1; *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[21] *See* **Exhibit 3**, Plaintiff's demand letter dated December 21, 2017; *see also* **Exhibit 5**, Plaintiff's United Property Policy Declarations; *and* **Exhibit 6**, Defendant's Proposed Binding Stipulation and Accompanying Correspondence; *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).
[22] *See* Plaintiff's Petition, at ¶¶ 9-38.

a Personal Property Limit of $41,800, and a Loss of Use Limit of $20,900, for the property located at 16807 Rustic Colony Drive, Sugar Land, Texas 77479.[23] In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected."[24] The breach-of-contract claim implicates the limits of the policy, which forms the basis of the claim.[25] Thus, the amount in controversy actually exceeds the federal jurisdictional amount.

13. Plaintiff's pre-suit demand dated December 21, 2017, claims that "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" is $70,467.47 in replacement cost value, $42,280.48 on an actual cash value basis, and that his attorneys' fees and costs total $10,000.[26] However, the Document attached as Exhibit E to Plaintiff's Petition makes no reference to a potential award of attorneys' fees.[27] Yet, in his Original Petition at *Section IX* entitled "Damages and Prayer," Plaintiff states that he seeks to recover attorneys' fees.[28] Likewise, Plaintiff's first statement as to the amount in controversy in his Petition reflects that he seeks monetary relief of less than $100,000, *inclusive of attorneys' fees*.[29] (Emphasis added). But his second statement, immediately following the first, states that he seeks $75,000, and leaves out any mention of an attorneys' fees award.[30]

14.   In *Tovar v. Target Corp.*, a United States District Court for the Western District of Texas, San Antonio Division analyzed the language of the plaintiff's petition, which included several statements as to the amount in controversy, and to which the plaintiff had attached a

---

[23] *See* Plaintiff's Petition, at ¶ 1; *see also* **Exhibit 5**, Plaintiff's United Property Policy Declarations.
[24] *See Garcia v. Geovera Specialty Ins. Co.*, No. 7:13-CV-114, 2013 WL 1967799, at *2 (S.D. Tex. May 10, 2013) (citing *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002)).
[25] *Id*.
[26] *See* **Exhibit 3**.
[27] *See* Petition, at Exhibit E.
[28] *Id*. at ¶ 19.
[29] *Id*. at ¶ 6.
[30] *Id*.

purported affidavit attempting to limit his recovery to less than $75,000.[31] In denying plaintiff's motion to remand, the court reasoned that the purported affidavit was not binding due to the plaintiff's inconsistent positions throughout the petition as to the amount in controversy and particular damages sought.[32] The court further reasoned that "it is imperative the affidavit or stipulation be consistent and binding in its limiting nature if a plaintiff desires to restrict the total amount recoverable and ensure that the claim cannot be removed."[33]

15. Like the Plaintiff's Petition here, the petition in *Tovar* attempted to limit the recovery to a specific award for an amount less than the court's jurisdictional minimum, but did not directly state whether this was meant to include attorneys' fees.[34] Also like the Petition here, the petition in *Tovar* included a request for attorneys' fees in the "prayer" section, but the affidavit attached to the petition did not expressly state that attorneys' fees were to be included in the award.[35] When read together, the Document attached as Exhibit E to Plaintiff's Petition and the Petition itself are conflicting in nature. Thus, they cannot constitute a binding limitation on Plaintiff's maximum possible recovery.[36]

16. Additionally, the Document is not referred to in the body of the Petition or otherwise incorporated therein. Rather, it is simply attached to the Petition as "Exhibit E", as the last page of the pleading behind nineteen (19) pages of Plaintiff's written discovery requests.[37]

---

[31] *Tovar v. Target Corp.*, No. SA-04-CA-0557-XR, 2004 WL 2283536, at *2 (W.D. Tex. Oct. 7, 2004).
[32] *Id*. at *4.
[33] *Id*.
[34] *Id*. at *2.
[35] *Id*. at *1.
[36] *Id*. at *4.
[37] *See* Plaintiff's Petition.

Because the Petition omits any reference to the Document, the Document was not adopted therein, and thus, it should not be considered part of the pleading.[38]

17. Moreover, the Document attached as Exhibit E to Plaintiff's Petition should be disregarded by the Court and not considered for the purposes of diversity jurisdiction because it is ambiguous and unclear.[39] The alleged "stipulation" does not reference the Plaintiff by name, except for in the caption; it is not referred to or otherwise mentioned in the body of the actual Petition; it is not signed by the Plaintiff; and it fails to state that Plaintiff's potential recovery of attorneys' fees are included in the $75,000.00 limitation.[40] When construing a stipulation, Texas courts determine the "intent of the parties from the language used in the entire agreement, examining the surrounding circumstances, including the state of the pleadings, the allegations made therein, and the attitude of the parties with respect to the issue."[41]

18. The Plaintiff's intent in attaching Exhibit E to his Petition is unclear. It appears that this was done by his counsel in attempt to undermine federal jurisdiction. Plaintiff's Petition alleges the amount in controversy is less than $100,000, but also that the Plaintiff does not seek an amount in excess of "75,000, *at this time*."[42] That language does not allude to the alleged "stipulation" attached by Plaintiff's counsel nor does it state the Plaintiff's intent to never seek or accept more than $75,000 in this lawsuit. Rather, the "at this time" language provides Plaintiff with an escape route in the event he can establish throughout the course of this litigation that his damages exceed $75,000, or in the event that a jury believes he is entitled to more than $75,000. Further, the attachment of Exhibit E to the Petition provides Plaintiff's counsel with an escape

---

[38] *See City of Abilene v. Carter*, 530 S.W.3d 268, 276-77 (Tex. App.—Eastland 2017) ("courts have held that the attachment of documents to pleadings *and* a simple reference to them in the pleadings makes them part of the pleadings") (emphasis added).
[39] *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 822 (Tex. App.—Houston [1st Dist.] 1999) ("If the stipulation is ambiguous or unclear, it should be disregarded by the trial court.")
[40] *See* Plaintiff's Petition, at Exhibit E.
[41] *Rosenboom*, 995 S.W.2d at 822.
[42] Plaintiff's Petition, at ¶ 6.

route in the event defense counsel decided to look past the Petition to asses whether diversity jurisdiction exists. This is even more evident in light of the fact that Plaintiff's counsel has refused to sign an enforceable binding stipulation as to the amount in controversy.

19. Prior to filing this Notice of Removal, the undersigned counsel for Defendant sent Plaintiff's counsel a proposed binding stipulation stating the amount in controversy does not exceed $75,000.00, including attorneys' fees but excluding interests and costs, and that neither Plaintiff nor his counsel will accept any judgment in any amount exceeding $75,000.00, including attorneys' fees but exclusive of interests and costs.[43] Plaintiff's counsel did not respond to the letter, therefore, Defendant proceeded in removing the case to this Court. In *Noyola v. State Farm Lloyds*, the removing party sent plaintiff's counsel a proposed stipulation, similar to that attached hereto as **Exhibit 6**, prior to removing the suit, providing plaintiff's counsel a chance to keep the case in state court.[44] As is the case here, the plaintiff's counsel in *Noyola* did not respond to the offer or proposed stipulation.[45] The United States District Court for the Southern District of Texas, McAllen Division considered the plaintiff's counsel's non-responsiveness as evidence that the amount in controversy exceeded $75,000.[46] The *Noyola* Court reasoned that the plaintiff's petition ambiguously alleged the amount of damages so much so that at the time of removal, "[plaintiff's] sole, legally-permissible indication of the amount in controversy was his non-responsiveness to defendant's request to stipulate to an amount in

---

[43] *See* **Exhibit 6**—Defendant's Proposed Binding Stipulation and Accompanying Correspondence.
[44] *See Noyola*, 2013 WL 3353963, at *3 (considering plaintiff's counsel's non-responsiveness to defense counsel's pre-removal request to stipulate to an amount in controversy below the jurisdictional threshold as evidence in determining the amount in controversy as it existed at the time of removal); *see also Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893 SECTION E/5, 2000 U.S. Dist. LEXIS 15632, at *5 (E.D. La. Oct. 18, 2000) (citing *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993) (suggesting that failure to stipulate that the amount in controversy is below the jurisdictional requirement is evidence that the amount in controversy is in excess of the requisite amount).
[45] *Noyola*, 2013 WL 3353963, at *3.
[46] *Id*.

controversy below the jurisdictional threshold."[47] The same is true in this case.

20. In light of all of the above, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibits 3, 5** and **6**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III. VENUE

21. Venue for removal is proper in this district and division because this district embraces the County Court at Law No. 2 of Fort Bend County, Texas, the forum in which the removed action was pending.

### IV. ATTACHMENTS

22. United Property will promptly provide written notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and to the Clerk of the Court for the County Court at Law No. 2 of Fort Bend County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

23. Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

24. The following documents are being filed with this Court as exhibits to this Notice of Removal:

    **EXHIBIT 1**    **Index of Matters Being Filed;**

    **EXHIBIT 2**    **All executed process in this case, including a copy of the Plaintiff's Original Petition and a copy of Defendant's Original Answer;**

    **EXHIBIT 3**    **Plaintiff's Pre-Suit Demand Letter;**

---

[47] *Id.* at *4.

| | |
|---|---|
| **EXHIBIT 4** | **Fort Bend County Appraisal District Property Search Results;** |
| **EXHIBIT 5** | **Plaintiff's United Property Policy Declarations Page;** |
| **EXHIBIT 6** | **Defendant's Proposed Binding Stipulation and Accompanying Correspondence;** |
| **EXHIBIT 7** | **List of all Counsel of Record;** |
| **EXHIBIT 8** | **Civil Cover Sheet.** |

## V.   CONCLUSION

25.   Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. United Property further requests any additional relief to which it may be justly entitled.

DATE: May 24, 2019.

[Signature on next page]

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
Sarah R. Smith
Texas State Bar No. 24056346
USDC-SD Texas No. 1196616
Sarah C. Plaisance
Texas State Bar No. 24102361
USDC-SD Texas No. 3310762
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on May 24, 2019, via e-filing addressed to:

Eric B. Dick                      *Via Eserve*
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com
*Attorney for Plaintiffs*

                                             */s/ Sarah R. Smith*
                                             Sarah R. Smith